

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 16, 1962

Honorable Franklin L. Smith
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. WW-1477

Re: Is an employee of the State
or a political subdivision
thereof, who is a member of
a reserve component of the
Armed Forces, entitled to be
paid his regular salary by
his employer while he is on
active duty with his reserve
unit, so long as such mili-
tary duty does not exceed
fifteen days, even though he
is also paid by the Armed

Dear Mr. Smith:     Forces for his military duty?

You have requested the opinion of this office as to
whether an employee of the State or a political subdivision
thereof, who is a member of a reserve component of the Armed
Forces, is entitled to be paid his regular salary by his em-
ployer while he is on active duty with his reserve unit, so
long as such military duty does not exceed fifteen days, even
though he is also paid by the Armed Forces for his military
duty.

Article 5769b-1, Vernon's Civil Statutes, is the stat-
ute which controls this particular question. This statute is
quoted in pertinent part, as follows:

"Section 1. All officers and employees
of the State of Texas and of any county or
political subdivision thereof, including muni-
cipalities, who shall be members of the National
Guard or Official Militia of Texas, or members
of any of the Reserve Components of the Armed
Forces, shall be entitled to leave of absence
from their respective duties without loss of time
or efficiency rating or vacation time or salary

on all days during which they shall be engaged
in field or coast defense training and all days
of parade or encampment, ordered or authorized
by proper authority.

"Sec. 2. All officers and employees of
the State of Texas and of any county or politi-
cal subdivision thereof, including municipali-
ties, who shall be members of the National Guard
or Official Militia of Texas, or members of any
of the Reserve Components of the Armed Forces,
shall be entitled to leave of absence from their
respective duties without loss of time or effi-
ciency rating or vacation time or salary on all
days on which they shall be ordered by proper
authority to duty with troops or field exercises,
or for instruction, for not to exceed fifteen
(15) days in any one calendar year."

Controversy has arisen over the suggestion that this
statute should be interpreted so as to insure the employee
that he will suffer no decrease in salary during his military
service. This was the situation under the prior form of this
statute. For information, the earlier statute, Article 5769b,
Vernon's Civil Statutes, is quoted in pertinent part:

"Section 1. All officers and employees of
the State of Texas who shall be members of the
National Guard or official militia of Texas, or
members of any of the Reserve Components of the
Armed Forces, shall be entitled to leave of ab-
sence from their respective duties without loss
of time or efficiency rating, on all days during
which they shall be engaged in field or coast de-
fense training, ordered or authorized by proper
authority.

"Sec. 2. All officers and employees of the
State of Texas who shall be members of the Nation-
al Guard or official militia of Texas, or members
of any of the Reserve Components of the Armed
Forces, shall be entitled to leave of absence
from their respective duties without loss of time
or efficiency rating on all days of any parade or
encampment, ordered or authorized by proper author-
ity.

"Sec. 3. All officers and employees of the State of Texas who shall be members of the National Guard or official militia of Texas, or members of any of the Reserve Components of the Armed Forces, shall be entitled to leave of absence from their respective duties without loss of time or efficiency rating on all days on which they shall be ordered by proper authority to duty with troops or field exercises, or for instruction, for not to exceed fifteen (15) days in any one calendar year; provided, however, that the State Comptroller shall pay to the officer or employee the difference between his base pay and allowances when on active duty, as certified by said officer or employee, and his salary from the State of Texas when the latter is greater, and when authorized to do so by the head of the Department or the directing board of an institution or agency where such officer or employee is employed."

This last-quoted statute was enacted by the Legislature in 1949 and may be found in Chapter 523, page 954, Acts of the 51st Legislature, Regular Session 1949. It can readily be seen that this statute provided that the employee would lose no pay and that the employer would make up the difference between the employee's Armed Services pay and his regular State salary. In 1953, the Legislature amended this statute by the enactment of Article 5769b-1, portions of which have been quoted. It will be noted that in this later statute, the Legislature added officers and employees of political subdivisions and deleted that portion of the earlier statute requiring the State Comptroller to pay the officer or employee the difference between his pay from the Armed Forces and his salary from the State of Texas, when the latter is greater. Further, this later statute specifically repealed the earlier statute, as shown by Section 5 thereof. By the changes made, the Legislature clearly evidenced an intention to alter the provisions regarding the payment of salary.

In Article 5769b-1, the Legislature refers to "without loss of time or efficiency rating or vacation time or salary." The Legislature makes no reference to partial losses of time or to grants of authority to make adjustments in any of these allowances. Further, in the sense that the word "salary" is

used, with reference to State employees, Black's Law Dictionary, 4th Ed., defines it as meaning, "A fixed, annual, periodical amount payable for services and depending upon the time of employment and not the amount of services rendered." The amount that the employee is entitled to receive is fixed upon an annual basis. The State Comptroller or other disbursing officer has no authority to vary the amounts payable except in specifically enumerated instances. By altering the statute as it has been altered in this case, it is the opinion of this office that the Legislature has taken from the Comptroller any authority to make a salary adjustment where military training for a period of less than fifteen days is concerned.

The Legislature has consistently encouraged the performance of patriotic duties by employees of this State. It is well within the power of the Legislature to provide that employees who contribute their time and energy to Reserve duties should be paid their full salary by the State or political subdivision thereof, while such employee serves his required active duty training time. It is the opinion of this office that it was the intent of the Legislature in enacting Article 5769b-1, to provide that a State employee would continue to draw his full salary during the time he was engaged in field training with a reserve component of the Armed Forces, provided such period did not exceed fifteen days per year.

We appreciate the able brief filed by you in connection with this opinion.

## SUMMARY

An employee of the State, or a political subdivision thereof, who is a member of a reserve component of the Armed Forces, is entitled, by Article 5769b-1, Vernon's Civil Statutes, to be paid his regular salary by his employer while he is on active duty with his reserve unit, so long as such military duty does not exceed fifteen days, even though he

is also paid by the Armed Forces
for his military duty.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE

Cecil C. Rotsch, Chairman

Pat Bailey
Marvin Thomas

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore